ANN CAMPBELL, Appellant, v. J. S. SHELDON et al., Respondents.

No. 1847; December 17, 1869.

**Trust—Creditors.—The Grantee of a Trustee Under a Valid Deed of Trust,** made with the consent of creditors, takes the granted premises relieved of the trust and is not accountable to such creditors afterward.

APPEAL from Seventh Judicial District, Solano County.

J. S. Sheldon was indebted to the plaintiff and others and, becoming embarrassed financially, executed a deed of trust to one G. W. Mowe for the benefit of his creditors. The pleadings in the case were very long, but, amongst other things, the plaintiff alleged in the complaint that on the 25th of October, 1860, the trustee as such sold a portion of the land, conveyed by the trust deed, to one J. H. Carroll, and that said Carroll took with full knowledge of the trust; also that thereafter Carroll sold about one hundred acres of this land to Martin, one of the defendants, for two thousand eight hun-

dred dollars; that Martin entered into the possession and received the rents and profits, and that on the 5th of December he was given a conveyance by Carroll and so took with full knowledge of the trust. The prayer was that all the defendants be made to account for all sums received by them from sales of the land by the trustee, that the sales be annulled, etc., and for the appointment of a receiver. The appeal was from a final judgment by the trial court rendered on the defendants' motion to dismiss, for that the complaint failed to state facts sufficient to constitute a cause of action.

W. S. Wells for appellant; Rayle, Swan & Hays for respondents.

CROCKETT, J.—It appears from the complaint that the trustee, Mowe, had authority to sell the trust property for the payment of the trust debts; and that in the due execution of the trust he sold the land specified in the complaint to the defendant Carroll. It is not alleged that the trustee exceeded his powers, or that the sale was for an inadequate price, or was in any respect unfair or fraudulent. The effect of the sale was to vest the title in Carroll, discharged of the trust. The sale from Carroll to Martin is not alleged to have been in any respect fraudulent; and as the title was fairly in Carroll discharged of the trust, it is not perceived what interest the plaintiff had in any disposition Carroll might see fit to make of it. If Martin purchased it, with the understanding that Sheldon or his wife might have the benefit of any advance there might be in the value of the property, the plaintiff was not thereby injured; because the land, by reason of the sale to Carroll, was exonerated from the trust; and the plaintiff had no longer any interest in it. If Martin had chosen to do so, no reason is perceived why he might not have given the land or its proceeds to Mrs. Sheldon, or sold and conveyed it to her. The plaintiff, in that event, could have asserted no interest in or lien upon the fund, by virtue of the trust deed; for the reason that the trustee had already exhausted his functions under the deed, and the title had passed to Carroll discharged from the trust. If the plaintiff claims that the land or its proceeds is subject to her debt, because, under the arrangement with Martin, Sheldon and his

wife are the beneficiaries of the fund, and that as a general creditor, without reference to the trust deed, the plaintiff has the right to have the property of the judgment debtors applied to the satisfaction of her judgment, no ground is stated in the complaint for equitable relief. If the judgment debtors had any property subject to the judgment, she had a sufficient remedy at law, either by a sale of the property under the execution, or by proceedings supplementary to execution. In any view we are able to take of the complaint, we think it exhibits no cause of action, and that the court properly entered a judgment for the defendants on the pleadings.

Judgment affirmed.

We concur: Rhodes, J.; Sanderson, J.; Sawyer, C. J.